UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

REGINALDO BARAHONA
and other similarly situated individuals,

 Plaintiff(s),

v.

BENGAL RESTAURANT LLC,
d/b/a BENGAL INDIAN CUISINE,
and MAINUL M. CHOWDHURY, individually

 Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

 COMES NOW the Plaintiff REGINALDO BARAHONA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants BENGAL RESTAURANT LLC, d/b/a BENGAL INDIAN CUISINE, and MAINUL M. CHOWDHURY, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff REGINALDO BARAHONA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant BENGAL RESTAURANT LLC, d/b/a BENGAL INDIAN CUISINE (hereinafter BENGAL INDIAN CUISINE, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant MAINUL M. CHOWDHURY was and is now, the owner/officer and manager of Defendant Corporation BENGAL INDIAN CUISINE. Defendant MAINUL M. CHOWDHURY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff REGINALDO BARAHONA as a collective action to recover from the Defendants overtime compensation, liquidated damages, retaliatory damages and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2018, (the "material time") without being properly compensated.

7. Defendant BENGAL INDIAN CUISINE is an Indian restaurant located at 109 NE 1ST Avenue, Miami Shores 33132, where the Plaintiff worked.

8. Defendants BENGAL INDIAN CUISINE and MAINUL M. CHOWDHURY employed Plaintiff REGINALDO BARAHONA as a non-exempt, full time, hourly employee from approximately January 15, 2018, to March 20, 2020, or 113 weeks.

9. The Plaintiff was hired as a cook, but he also had duties as a dishwasher, kitchen cleaner, and janitor. The Plaintiff was paid at a rate of $16.25 an hour. The Plaintiff's overtime rate should be $24.38 an hour.

10. While employed by Defendants, Plaintiff worked 6 days per week a regular schedule. Plaintiff worked 6 days per week; from Monday to Saturday; from 10:30 AM to 10:30 PM (12 hours daily), for a total of 72 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

11. Furthermore, during the last 2 weeks of employment with Defendants, the Plaintiff worked from 8:00 AM to 11:00 PM for a total of 90 working hours weekly.

12. The Plaintiff worked consistently and regularly 72 hours weekly, but he was compensated for only 40 regular hours. The Plaintiff was not paid for overtime hours.

13. The Plaintiff did not clock-in and out, but he was closely monitored by Defendants and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

15. The Plaintiff was paid weekly strictly in cash, without any record or paystub showing basic information such as the number of days and hours worked, wage-rate paid, employee's taxes withheld etc.

16. The Plaintiff was in complete disagreement with the lack of payment for overtime hours and he complained many times to the owner of the business.

17. On or about March 20, 2020, the Plaintiff complained about the lack of payment for overtime hours to the owner of the business MAINUL M. CHOWDHURY.

18. Immediately after the Plaintiff's complaint, the owner of the business, MAINUL M. CHOWDHURY fired Plaintiff.

19. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate about unpaid overtime hours. After proper discovery, the Plaintiff will adjust his Statement of Claim accordingly.

20. Plaintiff REGINALDO BARAHONA seeks to recover half-time overtime wages for every hour in excess of 40 that he worked during the relevant employment period with Defendants, liquidated damages, retaliatory damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

# COUNT I:
# WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
# FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff REGINALDO BARAHONA re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff REGINALDO BARAHONA as a collective action to recover from Defendants' overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant BENGAL INDIAN CUISINE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as an Indian restaurant and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions, etc. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

26. Defendants BENGAL INDIAN CUISINE and MAINUL M. CHOWDHURY employed Plaintiff REGINALDO BARAHONA as a non-exempted, full time, hourly employee from approximately January 15, 2018, to March 20, 2020, or 113 weeks.

27. The Plaintiff was hired as a cook, but he also had duties as a dishwasher, kitchen cleaner, and janitor. The Plaintiff was paid at a rate of $16.25 an hour. The Plaintiff's overtime rate should be $24.38 an hour.

28. While employed by Defendants, Plaintiff worked 6 days per week a regular schedule of 72 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

29. During the last 2 weeks of employment with Defendants, the Plaintiff worked from 8:00 AM to 11:00 PM for a total of 90 working hours weekly.

30. The Plaintiff worked consistently and regularly 72 hours weekly and more, but he was compensated for only 40 regular hours. The Plaintiff was not paid for overtime hours.

31. The Plaintiff did not clock-in and out, but he was closely monitored by Defendants and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

33. The Plaintiff was paid weekly strictly in cash, without any record or paystub showing basic information such as the number of days and hours worked, wage-rate paid, employee's taxes withheld etc.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are preliminary and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Eighty-Nine Thousand Thirty-Five Dollars and 76/100 ($89,035.76)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 113 weeks
    Total number of relevant weeks: 113 weeks
    Regular rate: $16.25 x 1.5=$24.38

**1.- O/T covering 111 weeks with 72 working hours weekly**

Relevant weeks: 111 weeks
Total hours worked: 72 hours weekly
Total overtime hours: 32 hours weekly
Regular rate: $16.25 x 1.5=$24.38
O/T rate: $24.38

O/T rate $24.38 x 32 O/T hours=780.16 weekly x 111 weeks=$86,597.76

**2.- O/T covering 2 weeks with 90 working hours weekly**

Relevant weeks: 2 weeks
Total hours worked: 90 hours weekly
Total overtime hours: 50 hours weekly
Regular rate: $16.25 x 1.5=$24.38
O/T rate: $24.38

O/T rate $24.38 x 50 O/T hours=1,219.00 weekly x 2 weeks=$2,438.00

 Total # 1 and #2: $89,035.76

  c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with

Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned, individual Defendant MAINUL M. CHOWDHURY was the owner and manager of BENGAL INDIAN CUISINE. Defendant MAINUL M. CHOWDHURY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of BENGAL INDIAN CUISINE in relation to their employees, including Plaintiff and others similarly situated. Defendant MAINUL M. CHOWDHURY had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

41. Defendants BENGAL INDIAN CUISINE and MAINUL M. CHOWDHURY willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff REGINALDO BARAHONA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff REGINALDO BARAHONA and other similarly situated individuals and against the Defendants BENGAL INDIAN CUISINE and MAINUL

M. CHOWDHURY based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff REGINALDO BARAHONA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff REGINALDO BARAHONA demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

43. Plaintiff REGINALDO BARAHONA re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

44. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

45. Defendant BENGAL INDIAN CUISINE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as an Indian restaurant and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged

in commerce or in the production of goods for commerce, by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

46. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

47. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

48. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

49. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

50. Defendants BENGAL INDIAN CUISINE and MAINUL M. CHOWDHURY employed Plaintiff REGINALDO BARAHONA as a non-exempted, full time, hourly employee from approximately January 15, 2018, to March 20, 2020, or 113 weeks.

51. The Plaintiff was hired as a cook, but he also had duties as a dishwasher, kitchen cleaner, and janitor. The Plaintiff was paid at a rate of $16.25 an hour. The Plaintiff's overtime rate should be $24.38 an hour.

52. While employed by Defendants, Plaintiff worked 6 days per week a regular schedule of 72 hours weekly. In addition, during the last 2 weeks of employment with Defendants, the Plaintiff worked from 8:00 AM to 11:00 PM for a total of 90 working hours weekly. The Plaintiff was unable to take bonafide lunch periods.

53. The Plaintiff worked consistently and regularly in excess of 40 hours weekly, but he was compensated for only 40 regular hours. The Plaintiff was not paid for overtime hours.

54. The Plaintiff did not clock-in and out, but he was closely monitored by Defendants and they were able to keep track the hours worked by the Plaintiff and other similarly situated individuals.

55. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

56. The Plaintiff was paid weekly strictly in cash, without any record or paystub showing basic information such as the number of days and hours worked, wage-rate paid, employee's taxes withheld etc.

57. The Plaintiff was in complete disagreement with the lack of payment for overtime hours and working conditions, and he complained many times to the owner of the business. The Plaintiff requested to be paid for overtime hours.

58. These complaints constituted protected activity under the Fair Labor Standards Act.

59. On or about March 20, 2020, the Plaintiff complained to the owner of the business MAINUL M. CHOWDHURY about the lack of payment for overtime hours.

60. Immediately after the Plaintiff's complaint, MAINUL M. CHOWDHURY, the owner of the business, fired Plaintiff.

61. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

62. There is proximity between Plaintiff's protected activity and his termination.

63. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

64. At the times mentioned, individual Defendant MAINUL M. CHOWDHURY was the owner and manager of BENGAL INDIAN CUISINE. Defendant MAINUL M. CHOWDHURY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of BENGAL INDIAN CUISINE in relation to their employees, including Plaintiff and others similarly situated. Defendant MAINUL M. CHOWDHURY had absolute financial and operational control of the Corporation, he determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

65. Plaintiff REGINALDO BARAHONA seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

66. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff REGINALDO BARAHONA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against the Defendants BENGAL INDIAN CUISINE and MAINUL M. CHOWDHURY that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants BENGAL INDIAN CUISINE and MAINUL M. CHOWDHURY to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff REGINALDO BARAHONA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff REGINALDO BARAHONA demands trial by a jury of all issues triable as of right by a jury.

Dated: April 7, 2020

Respectfully submitted,

By: /s/ Zandro E. Palma
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*